```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


                                   :
IAN LEMONS,                        :
                                   :
            Petitioner,            :   Civil Action No. 12-2355 (RMB)
      v.                           :
                                   :
CHARLES WARREN et al.,             :   **MEMORANDUM OPINION AND ORDER**
                                   :
            Respondents.           :
                                   :
```

This matter comes before the Court upon the Court's review of the submissions made thus far in this action, and it appearing that:

On April 13, 2012, Petitioner Ian Lemons ("Petitioner") submitted for filing a habeas petition ("Petition"), executed pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence rendered by the Superior Court of New Jersey, Law Division ("Law Division") on August 5, 2005. See Docket Entry No. 1, at 1, 5. Since the Petition arrived unaccompanied by Petitioner's filing fee or an in forma pauperis ("IFP") application, this Court notified Petitioner of his obligation to prepay the filing fee or duly obtain IFP status within thirty days. The Court also advised Petitioner of his rights under Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). See Docket Entry No. 2. When Petitioner failed to timely prepay his filing fee or seek IFP status, the Court directed termination of this matter. See Docket Entry No. 3.

In response, Petitioner submitted his filing fee and moved for restoration of this matter to the Court's active docket. See Docket Entry No. 4 and Docket Entry dated July 2, 2012. The Court granted Petitioner's motion, see Docket Entry No. 5, and directed Respondents to answer his challenges. See Docket Entry No. 5.

On August 27, 2012, Respondents filed their answer. See Docket Entries Nos. 9, 10. The answer did not contain Respondents' counter-statement of facts underlying Petitioner's conviction or a summary of the procedural developments. See Docket Entry No. 9. Moreover, with regard to each of Petitioner's challenges, Respondents failed to detail either the facts or federal law. Rather, Respondents disagreed with Petitioner's position, and "incorporate[d] the [unspecified, state-law-based] arguments set forth" in the prosecutorial briefs presented to the Superior Court of New Jersey, Appellate Division ("Appellate Division"). Respondents were in agreement with the Appellate Division's ruling. See generally, Docket Entry No. 9. Respondents' references to 1,384 pages of exhibits were summarized in an index consisting of abbreviations utilized in Petitioner's state litigation and not immediately discernable from the docket entries made in the instant matter. See Docket Entries Nos. 9, 10; see also generally, Docket Entry No. 9.

Moreover, Respondents asserted that several of Petitioner's claims addressed on the merits by the state courts during Petitioner's post-conviction relief ("PCR") proceedings should be dismissed by this Court as procedurally defaulted. Specifically, Respondents argued that because Petitioner could, but did not, raise those claims in his direct appellate proceedings,[1] or because the state courts elected not to expressly address the merits of Petitioner's claims, such claims are barred. See Docket Entry No. 9, at 13.

Meanwhile, Petitioner filed his traverse to Respondents' answer, requesting this Court to consider Petitioner's arguments raised: (1) by Petitioner's counsel; and (2) in Petitioner's "pro se brief." Docket Entry No. 13, at 1. However, since no counsel has ever been appointed to Petitioner in this matter, see Docket Entries Nos. 14, 15, there were no counseled submissions made on Petitioner's behalf, and all Petitioner's submissions at bar were filed pro se.

This Court cannot be expected to read over one thousand pages and correlate each exhibit to a particular docket entry. Nor should this Court attempt to analyze how the rulings from the state court address each of Petitioner's current challenges

---

[1] In addition, Respondents asserted that one of Petitioner's claims was unexhausted since that claim was raised solely before the Law Division but not on appeal. See Docket Entry No. 9, at 13-14.

without any assistance from Respondents. Additionally, because Respondents assert that some of Petitioner's challenges are unexhausted and others are procedurally defaulted, and the Petition is "mixed," clarification as to these issues is warranted.

While the failure to exhaust state remedies does not deprive a federal court of jurisdiction to consider the merits of a habeas corpus application, it is indeed a statutory requirement of every § 2254 petition that federal constitutional claims be raised and addressed on the merits in state court prior to the filing of a habeas petition in federal court.[2] See Granberry v. Greer, 481 U.S. 129, 131 (1987); Rose v. Lundy, 455 U.S. 509, 516-18 (1982); Toulson, 987 F.2d at 987. This means that both the legal theory and factual predicate of each claim presented for federal habeas review must be materially the same as those of the corresponding claim presented to all levels of state court.[3]

---

[2] Contrary to Respondents' impression, once the litigant duly *raises* such claims, these claims are deemed exhausted even if the state courts denied relief without expressly addressing those claims. See Harrington v. Richter, 131 S. Ct. 770 (U.S. Jan. 19, 2011) (a state court may render an adjudication on the merits of a federal claim by rejecting the claim without any discussion whatsoever; such determination is nonetheless subject to same degree of deference for the purposes of the court sitting in habeas review).

[3] The rationale of the "substantial equivalent" requirement is self-evident in light of the standard of review applicable to federal habeas actions: habeas relief focuses on whether the state court's adjudication of the petitioner claim "resulted . . . or involved an unreasonable application of . . . Supreme Court

See Picard v. Connor, 404 U.S. 270, 275-77 (1971). Where any available state procedure remains, even if only theoretically, the claims cannot be deemed exhausted. See 28 U.S.C. § 2254 (c).

Correspondingly, district courts are obligated to dismiss habeas petitions containing unexhausted claims, even if it is not likely that a state court will consider the claims on the merits. See Rose, 455 U.S. at 522; Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies"). Analogously, if a petition contains a mix of duly exhausted and unexhausted claims (such petitions are referred to as "mixed" petitions), the petition is also subject to dismissal for failure to exhaust unless: (1) the petitioner withdraws all his unexhausted challenges; or (2) the petitioner duly obtains "stay and abeyance" under Rhines v. Weber, 544 U.S. 269 (2005), with the goal of exhausting all his not-withdrawn unexhausted challenges in the state courts; or (3)

---

precedent," 28 U.S.C. § 2254(d), since – if the legal theory or factual predicate of each claim presented to the state courts differed from those presented for federal habeas review – the federal court cannot just "guess" how the state courts would have adjudicated the particular claim. See Webster, 2012 U.S. Dist. LEXIS 11589, at *17, n.7.

the petitioner's unexhausted challenges are facially meritless and warrant denial of habeas relief under § 2254(b)(2) regardless of failure to exhaust. See Mahoney v. Bostel, 2010 U.S. App. LEXIS 3916, at *5-6 (3d Cir. Feb. 24, 2010).

However, a different analysis applies to those challenges with regard to which the petitioner cannot obtain state court review. Section 2254(b)(1)(B)(i) excuses exhaustion where there is "an absence of available State corrective process." 28 U.S.C. § 2254(b)(1)(B)(i); see also Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). A habeas petition containing claims that are unexhausted and: (1) expressly found procedurally barred from state review; and, in addition (2) left unaddressed by the state courts on their merits, cannot be dismissed as unexhausted because the doctrine of procedural default excuses failure to exhaust. See Toulson, 987 F.2d at 987; accord Coleman, 501 U.S. at 730-32. Still, while procedural default excuses exhaustion, it is a double-edged sword, i.e., the doctrine was not created as an incentive for state litigants to circumvent state court review. When the petitioner's failure to comply with a state procedural rule has actually prevented the state courts from reaching the merits of his federal claims, federal habeas review of those claims is ordinarily barred, see Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991), "unless the habeas petitioner can show 'cause' for the default and 'prejudice' attributable thereto, or

demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris, 489 U.S. at 262 (citations and internal quotation marks omitted); accord Coleman, 501 U.S. at 750. Thus, the procedural posture of Petitioner's claims, as well as the substance of these claims and that of Respondents' position, require clarification. Accord Williams, 2011 U.S. Dist. LEXIS 51959, at *6, n.1 ("[T]he Court's determination as to the merits of Petitioner's [habeas application] will be made only after the Court fully examines and satisfies itself as to the . . . record [accumulated in this matter]: acting otherwise would be equivalent to a violation of this Court's judicial mandate and ethical obligations").

    IT IS, therefore, on this **23rd** day of **October 2013**,

    **ORDERED** that, within forty-five days from the date of entry of this Memorandum Opinion and Order, Petitioner shall file with the Clerk and serve upon Respondents an amended petition stating each ground Petitioner wishes to raise in this matter, and detailing the factual predicate and the legal claim asserted in each ground. Petitioner shall *not* conflate different claims by designating them as "sub-grounds"; rather, he shall designate each of his sub-grounds as an individual self-standing "ground." In the event each such Petitioner's ground was not presented to the Appellate Division *and* the Supreme Court of New Jersey during direct appellate review, or – in the alternative – was not

presented to *all three* levels of the state court during his PCR review, Petitioner shall either withdraw his unexhausted grounds or duly seek stay and abeyance of this entire matter while Petitioner attempts proper exhaustion of those unexhausted grounds that Petitioner does not wish to withdraw.  In the event Petitioner raised any ground that was dismissed by the state courts *solely* on a procedural basis and *without* reaching the merits of that ground, Petitioner shall either withdraw his procedurally defaulted grounds or duly seek excuse of procedural default by showing cause and prejudice or a fundamental miscarriage of justice (as to *each* particular defaulted ground). Petitioner is reminded that he is obligated to marshal all his challenges in his amended petition, and no claims raised in his original petition or the claim that he might wish to raise in his later submissions would be considered by this Court unless Petitioner first obtains leave from the Court of Appeals to file a second/successive § 2254 application; and it is further

**ORDERED** that, within forty-five days from the date of Petitioner's service of his amended petition upon Respondents, Respondents shall file with the Clerk an amended answer.  That amended answer shall contain Respondents' counter-statement of facts and a summary of procedural developments that took place in the state courts.  In addition, that amended answer shall address each of Petitioner's grounds by detailing the relevant facts and

the governing Supreme Court precedent.  Respondents shall neither make any generic arguments of their disagreement with Petitioner nor raise any arguments based on state law.  In the event Respondents want to rely on federal law arguments raised during state proceedings, Respondents shall expressly detail the same, not assert any "incorporation by reference."  Respondents also shall not assert any "reliance" on the position taken by the state courts; rather, Respondents shall explain why the state court's determinations did not provide a basis for rendering habeas relief to Petitioner under the governing two-prong statutory test; and it is further

**ORDERED** that all affirmative defenses, such as exhaustion, timeliness, procedural default, shall be raised in Respondents' amended answer in addition to the defenses addressing the merits of Petitioner's claims.  Respondents' assertion of these affirmative defenses shall be in compliance with the instructions detailed by the Court in this Memorandum Opinion and Order.  The issues of procedural requirements applicable to state actions but having no impact on the scope of this Court's federal review shall not be raised in the amended answer; and it is further

**ORDERED** that the amended answer shall include a proper index of Respondents' exhibits.  Such index shall refer to each exhibit as docketed by Respondents in the *instant* matter, e.g., "Docket Entry No. 9-5" (not "RA4" or "Exhibit D"), and the same mode of

citation shall be utilized for the purposes of all statements and quotations made in Respondents' amended answer.  In the event the 1,384 pages of the exhibits docketed thus far in conjunction with Respondents' original answer did not include the material relied upon by Respondents in their amended answer, Respondents shall docket that omitted material jointly with their amended answer; and it is further

**ORDERED** that Respondents shall file their amended answer, the proper index of their exhibits and the additional exhibits, if any, electronically.  No document shall be filed in hard copy in this matter unless Respondents seek and obtain this Court's order allowing Respondents such filing; and it is further

**ORDERED** that Respondents shall serve their amended answer, the proper index of their exhibits and the additional exhibits, if any, upon Petitioner and, upon so serving, file with the Clerk their certificate of service; and it is further

**ORDERED** that Petitioner may, if he so desires, file and serve upon Respondents his traverse to the amended answer.  Such filing and service shall be executed within thirty days from the date of Petitioner's receipt of the amended answer.  In the event Petitioner fails to file and serve his traverse in a timely fashion, Petitioner's opportunity to traverse will be deemed waived without further notice; and it is further

**ORDERED** that, in the event Respondents, being served with Petitioner's traverse, develop a bona fide belief that filing of a sur-reply is warranted, Respondents shall make a formal application seeking the same. Such application shall be made within thirty days from the date of Respondents' receipt of the traverse. In the event the Clerk receives no such application, Respondents' opportunity to sur-reply to Petitioner's traverse will be deemed conclusively waived;[4] and it is further

**ORDERED** that, within ten days of Petitioner's release, be it on parole or otherwise, Respondents shall file a written notice of the same with the Clerk; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by certified mail, return receipt requested; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Respondents by means of electronic delivery; and it further

**ORDERED** that, within ten business days from the date of the Clerk's service of this Memorandum Opinion and Order upon Respondents, Respondents shall file a notice acknowledging their receipt of this Memorandum Opinion and Order; it is finally

---

[4] In the event Respondents are granted leave to sur-reply, Petitioner would be allowed an opportunity to file his response.

**ORDERED** that the Clerk shall administratively terminate this matter for the period of re-briefing required by the terms of this Memorandum Opinion and Order by making a new and separate entry on the docket reading, "CIVIL CASE ADMINISTRATIVELY TERMINATED SUBJECT TO REOPENING UPON COMPLETION OF RE-BRIEFING. ADMINISTRATIVE TERMINATION IS NOT A DISMISSAL, AND NO STATEMENT IN THIS MEMORANDUM OPINION AND ORDER SHALL BE DEEMED A CONCLUSIVE DISPOSITION ON THE MERITS. THE COURT RETAINS ITS JURISDICTION OVER THIS MATTER AND RESERVES ITS FINAL DETERMINATION."[5]

                                              s/Renée Marie Bumb
                                              **RENÉE MARIE BUMB**
                                              **United States District Judge**

---

[5] See Williams, 2012 U.S. Dist. LEXIS 177857, at *69 ("The Clerk will be directed to administratively terminate this matter; the Court will order reopening of this action upon receipt of Respondents' answer to Petitioner's remaining claims, and Petitioner's filing of his traverse"); see also Papotto v. Hartford Life & Accident Ins. Co., 2013 U.S. App. LEXIS 19660, at *26 (3d Cir. Sept. 26, 2013)("administrative closings do not end the proceeding. Rather, they are a practical tool used by courts to prune overgrown dockets").